UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRIAN SHAWN SAUDER,

    Plaintiff,

v().                        Case No. 3:18cv2192-RV-HTC

CAPTAIN HARKIN,
SERGEANT GOYER,
OFFICER STANLEY,

    Defendants
_____/

REPORT AND RECOMMENDATION
ON GOYER AND STANLEY'S MOTIONS TO DISMISS

Plaintiff, Brian Shawn Sauder, brings this action under 42 U.S.C. § 1983 alleging excessive use of force and state law battery by two prison guards, Goyer and Stanley, and failure to train, supervise or discipline those guards by Captain Harkin.[1] ECF Doc. 17. Goyer and Stanley have filed motions to dismiss, arguing that Counts One and Two for excessive use of force should be dismissed because Sauder failed to exhaust his administrative remedies. Additionally, they seek to have Counts Three and Four for state law battery dismissed on the ground that this Court

---

[1] Sauder's first amended complaint also contained a failure to train claim against Colonel Johnson and a count against the Florida Department of Corrections ("FDOC"), but Sauder subsequently voluntarily dismissed Johnson as a defendant. Additionally, as discussed herein, the Court dismissed Sauder's claims against the FDOC.

should decline to exercise supplemental jurisdiction over those state law claims. ECF Docs. 57, 60.

A similar motion to dismiss for failure to exhaust was filed by the FDOC and was granted by the Court. ECF Docs. 32 (motion to dismiss), 55 (report and recommendation), and 58 (adopting order). Upon consideration and for the same reasons previously stated by the Court in granting the FDOC's motion to dismiss, the undersigned respectfully recommends Goyer and Stanley's motions to dismiss be GRANTED as to Counts One and Two. However, the undersigned recommends that the motions be DENIED as to Counts Three and Four.

I.   FACTUAL BACKGROUND

As set forth in the Report and Recommendation on the FDOC's motion to dismiss, Sauder sues Goyer and Stanley for an excessive use of force incident occurring on June 9, 2018, while Sauder was a prisoner housed in the H-Dorm Confinement Unit at Walton Correctional Institution. Because a detailed recitation of the facts as alleged in the first amended complaint was provided in the Report and Recommendation (ECF Doc. 55), the undersigned will only briefly summarize the pertinent facts here.

According to Sauder, the excessive use of force occurred after he declined to provide Defendants information regarding a gang hit that was placed on his life in 2010. Specifically, Sauder alleges Sergeant Goyer forcefully grabbed and slammed

him face-first onto the concrete floor while Sauder was still fully restrained and unable to defend himself or protect himself from the fall and also jumped on his back and placed all his bodyweight on Sauder's lower back, causing significant injury to Sauder's back.  Sauder further alleges Sergeant Goyer and Officer Stanley pulled both of Sauder's arms, which were still handcuffed behind his back, nearly over the top of his head, causing significant injury to Sauder's shoulders and rotator cuff.

## II.   EXHAUSTION

The crux of Defendants' motions to dismiss is that Plaintiff did not file a grievance with the FDOC regarding the excessive force incident.  Instead, Defendants argue, as did the FDOC in ECF Doc. 32, that the grievance Plaintiff filed was only as to the medical treatment he received after the excessive force incident.  As Sauder did in his response to the FDOC's motion, Sauder argues the grievance he filed is sufficient to exhaust his administrative remedies because even though it primarily addressed the medical treatment Sauder received, it nonetheless mentioned that the injuries were from a use of force incident.

As the undersigned previously determined, Sauder's grievance and appeals did not give the institution or the FDOC reasonable notice that he was challenging the instant excessive use of force or a real opportunity to address the claim of excessive use of force prior to being haled into court.  *See Jones v. Bock*, 549 U.S. 199, 204 (2007).  Instead, the grievance Sauder filed complained of lack of adequate

medical treatment only; sought only additional medical treatment as relief, and was directed to the Santa Rosa Correctional Institution (where Plaintiff received medical treatment) and not Walton CI, where the alleged excessive use of force incident occurred.

### A. Legal Standard

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Proper exhaustion is required so that the agency has an opportunity to address the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 93-94, 95 (2006). A court must dismiss an action if satisfied the inmate failed to properly exhaust his available administrative remedies before filing suit. *See Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000).

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*.

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (citing *Bryant v. Rich*, 530 F.3d 1368, 1373-74, 1376 (11th Cir. 2008)). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id.* (citing *Jones,* 549 U.S. at 216).

Additionally, a plaintiff must exhaust his available administrative remedies as to *each claim* and *each party* set forth in his complaint. *See Martinez v. Minnis*, 257 F. App'x 261, 265 n. 5 (11th Cir 2007) (finding prisoner who filed grievance concerning numerous claims failed to exhaust a retaliation claim because grievance "did not mention retaliation or use any words synonymous with or indicating retaliation, nor did it provide the BOP with notice of allegedly retaliatory action or the opportunity to correct it"). "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Turner,* 541 F.3d at 1083.

The grievance procedure that must be followed is determined by the agency – here the FDOC. *See Jones*, 549 U.S. at 218. The FDOC's grievance procedures generally require an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Office of the Secretary. *See* Fla. Admin. Code r. 33-

103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010).[2] There is no dispute in this case that Sauder followed those procedures; rather, what is in dispute is whether he followed those procedures for his excessive force claim.

### B. Sauder's Grievances

As detailed in the undersigned's Report and Recommendation on the FDOC's motion to dismiss (ECF Doc. 55), Sauder filed an informal grievance on August 23, 2008, while he was at Santa Rosa CI; an appeal of that grievance to the Warden at Santa Rosa CI, and an appeal of the Warden's denial to the Secretary of the FDOC. ECF Doc. 52-1 at 1; Fla. Admin. Code Ann. r. 33-103.005(2). In that grievance and those appeals, Sauder sought relief for failure to receive adequate medical treatment and complained only of failure to receive adequate medical treatment.

On the grievance form, Sauder checked the box "medical" when indicating to whom the informal grievance should be directed. He also wrote "Att: Dr. Rodriguez" at the top of the informal grievance. In the text of the grievance, Sauder complained that he had seen the sick call nurse four times while he was at Walton CI and that he was "put in to see the medical doctor," but was transferred to Santa Rosa CI before he could see the doctor. ECF Doc. 52-1 at 1. He complains that the

---

[2] For complaints regarding medical treatment, an inmate may bypass the informal grievance step. *See* Fla. Admin. Code r. 33-103.005(1).

sick call nurse in J-Dorm at Santa Rosa CI told him "It doesn't matter how many times you see sick call, I'm not putting you in to see the doctor!" *Id.* He writes that he is "being denied to see the doctor." *Id.*

Sauder begins his appeal to the Warden with, "I am filing this emergency grievance concerning medical, for constitutional failure to treat a known serious medical condition." ECF Doc. 52-1 at 2. In his final sentence, he states, "[t]he remedy I am seeking is that I receive the proper medical attention that is required for my injuries." *Id.* Similarly, in his appeal to the FDOC Secretary, Sauder states, "I am filing this grievance on medical, for constitutional failure to treat a known serious medical condition." ECF Doc. 52-1 at 4. Sauder also writes, "My back and right eye were injured on 6-9-18, at Walton CI, during an excessive use of force in which my attorney has filed a lawsuit." *Id.*

Nowhere in the grievance or appeals did Sauder seek relief for the instant use of excessive force. Nowhere in the grievance or appeals did Sauder complain about the use of excessive force. Rather, he references the "use of force," and an "assault," generally, only to explain the source of his injuries. Moreover, in the one instance where Sauder references an "excessive use of force," in his appeal to the Secretary, he says that his attorney has already filed a lawsuit on that claim. *Id.*

It is clear based on a fair reading of Sauder's grievance and appeals that he did not put the FDOC on notice that he sought relief for the instant excessive force

claim prior to filing suit. Indeed, the institution (Santa Rosa CI) and the FDOC's response addressed only Plaintiff's complaints about the medical treatment he received. In Santa Rosa CI's response to the informal grievance, the institution wrote, "[o]n 8/2/18 you were seen by the clinician and he addressed your complaint of blurred vision to the right eye. On 8/23/18 you were seen in sick call and you have been referred to see the clinician again." ECF Doc. 52-1 at 1. In the Warden's response to his appeal of the informal grievance, the Warden wrote, "[b]y review of your medical file, it has shown you have received proper medical treatment." ECF Doc. 52-1 at 3. And, in the FDOC's response, the Secretary wrote: "It is the responsibility of your health care staff to determine the appropriate treatment regimen for the condition you are experiencing," and "[r]ecords reviewed that you were seen by the Physician on 9/18/2018 where you could address your medical concerns at that time." ECF Doc. 52-1 at 5.

Accordingly, the undersigned finds that Sauder should not be allowed to proceed on his excessive force claims against the Defendants without first having exhausted his administrative remedies and giving the FDOC an opportunity to address those claims.

## III. SUPPLEMENTAL JURISDICTION

Defendants also seek a dismissal of Counts III and IV for state law battery on the ground that this Court should not exercise supplemental jurisdiction over

Sauder's state law claims. Defendants argue that once the excessive force claims are dismissed, the interests of judicial economy, convenience, fairness and comity favor a dismissal of the state law claims. ECF Doc. 57 at 9; ECF Doc. 60 at 9.

Under 28 U.S.C. § 1367(a), "[a] federal court may exercise pendent jurisdiction over state law claims . . . provided the federal and state law claims derive from a common nucleus of operative fact and that adjudication of the state claim will not prove inconvenient or unfair to the litigants or unduly burden the proceedings." *Williams v. Bennett*, 689 F.2d 1370, 1379 (11th Cir. 1982). "A court has discretion to exercise its jurisdiction over such [state law] actions even after the federal claims giving rise to original jurisdiction have been dismissed." *Glenn v. Lanier*, No. 309CV1/MCR/MD, 2010 WL 1380164, at *7 (N.D. Fla. Mar. 31, 2010).

The Eleventh Circuit has made clear that once a court finds it has supplemental jurisdiction under § 1367(a), it should exercise it unless the criteria listed in § 1367(c) apply. *See id.* (citing *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997)). Section 1367(c) establishes four factors a court should consider in declining to exercise supplemental jurisdiction: (1) the existence of a novel or complex issue of state law; (2) predominance of state law issues over the claims giving rise to original jurisdiction; (3) the dismissal of all claims over which the court has original jurisdiction; and (4) other compelling reasons for declining jurisdiction. *See id.*

As stated above, Sauder has sued Defendants for excessive force and state law battery arising out of an incident that occurred on June 9, 2018.  Sauder has also sued Defendant Harkin, who has filed an answer rather than a motion to dismiss, for negligent hiring, training or supervision.  *See* ECF Doc. 17, Count VI.  Sauder alleges that Harkin "created a custom or policy" that caused Defendants to commit the constitutional violations against him; that Harken was on notice of widespread abuse concerning excessive force by these Defendants; and that he was on notice of the need to correct these Defendants' conduct.  *See id.*

Sauder's state law claims for battery against Defendants arise out of the same incident forming the basis of his excessive force claim against Defendants **as well as** Sauder's claim against Harkin.  Thus, the Court has supplemental jurisdiction over Sauder's state law battery claims.  *See Palmer v. Hospital Auth.*, 22 F.3d 1559, 1563 (11th Cir. 1994) (asserting jurisdiction on the ground that the state-law claims all arise from the same two events as the federal claims); *Negron v. Bryant*, No. 308-CV-1118-J-34MCR, 2010 WL 746727, at *18 (M.D. Fla. Mar. 3, 2010) (exercising jurisdiction over battery claim that arose from same nucleus of operative facts as failure to intervene claim).

The Court must determine, therefore, whether any of the factors identified in § 1367(c) apply such that the Court should decline to exercise that jurisdiction. The undersigned finds that none of those factors exist here. Specifically, Sauder's battery

claims are neither novel nor complex. *See Olson v. Dier*, No. 610CV1771ORL28DAB, 2011 WL 13298911, at *3 (M.D. Fla. Mar. 7, 2011) (plaintiff's battery claim did not raise novel or complex issues); *Vamper v. United Parcel Serv., Inc.*, 14 F. Supp. 2d 1301, 1305 (S.D. Fla. 1998) (battery claim presented straightforward issue of state law). The state law claims do not predominate over the federal claim. *See Vamper*, 14 F. Supp. 2d at 1305 (holding assault, battery, and negligent retention claims would not predominate over the plaintiff's federal claims). Also, Sauder's federal claim against Harkin has not been dismissed and, thus, this Court continues to have original jurisdiction over this action. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when [*all*] federal claims have been dismissed prior to trial"). Finally, Defendants point to no other compelling reasons for declining jurisdiction in this case.

Moreover, the undersigned finds that judicial economy and convenience favor allowing Sauder's state law claims to proceed in this action along with his federal claim. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (directing district courts to consider concerns of judicial economy and convenience, among other factors, when determining whether to exercise supplemental jurisdiction). Remanding Sauder's state law claims could result in inconsistent jury findings on

the same facts and circumstances. Additionally, even if Goyer and Staley were not defendants in this action, their conduct would still be at issue in determining whether Harkin is liable for his supervising, training and discipline of them. Thus, the Court should seek to prevent duplicative litigation of Sauder's claims in both state and federal forums. *See Vamper*, 14 F. Supp. 2d at 1306.

Accordingly, it is respectfully RECOMMENDED, that:

1. Goyer and Stanley's motions to dismiss (ECF Docs. 57, 60) be GRANTED as to Counts I and II (excessive force claims).

2. Goyer and Stanley's motions to dismiss be DENIED as to Counts III and IV (state law battery claims).

3. This case be referred to the undersigned for further action.

At Pensacola, Florida, this 31st day of January, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.