UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRIAN SHAWN SAUDER,

    Plaintiff,

v.                                            Case No. 3:18cv2192-RV-HTC

CAPTAIN HARKIN,
SERGEANT GOYER,
OFFICER STANLEY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Brian Shawn Sauder, brings this action under 42 U.S.C. § 1983 and state law for a use of force incident occurring on June 9, 2018. In prior orders, the Court dismissed Plaintiff's injunction claim against the Florida Department of Corrections ("FDOC") and § 1983 claims against two (2) prison guards, Defendants Goyer and Stanley, for failure to exhaust. ECF Docs. 58, 69. Thus, the only claims remaining in this action are state-law battery claims against Goyer and Stanley and a claim for failure to train, supervise or discipline against Defendant Captain Harkin.[1] This report and recommendation addresses these remaining claims.

---

[1] Harkin filed an answer (ECF Doc. 38) rather than a motion to dismiss. The answer, however, did not assert failure to exhaust as an affirmative defense. Subsequently, after the Court granted

Specifically, Harkin has now filed a motion for judgment on the pleadings, also on the basis that Plaintiff failed to exhaust his administrative remedies. ECF Doc. 70. Upon consideration, and for similar reasons to those previously adopted by the Court in granting the respective motions to dismiss of the FDOC, Goyer, and Stanley, the undersigned respectfully recommends that Harkin's motion for judgment on the pleadings be GRANTED. Additionally, there being no pending federal claims against any defendant once the Court enters judgment for Harkin, the undersigned further recommends that the Court decline to exercise supplemental jurisdiction over the remaining state-law claims against Goyer and Stanley and DISMISS those claims without prejudice.

## I.    FACTUAL BACKGROUND

Because the undersigned provided a detailed recitation of the facts as alleged in the amended complaint in the prior Reports and Recommendations (ECF Docs. 55, 63), the undersigned will only briefly summarize those facts pertinent to Harkin.

According to Sauder, the excessive use of force occurred after he declined to provide Defendants information regarding a gang hit that was placed on his life in 2010. Specifically, Sauder alleges Goyer or Stanley slammed him face-first onto the

---

the other Defendants' motions to dismiss, Harkin moved to amend his answer. The motion was within the time provided for under the Court's Case Management Schedule (ECF Doc. 62), was unopposed, and so was granted. ECF Doc. 67. Harkin's motion for judgment on the pleadings shortly followed.

concrete floor, jumped on his back, and pulled both of his arms up, while he was fully restrained, and causing injury to his back, shoulders and rotator cuff. ECF Doc. 17.

Plaintiff alleges that, prior to the incident, Harkin received numerous reports that Goyer and Stanley had used excessive force against inmates at Walton CI and allegedly took no action to prevent future abuses. Plaintiff also claims Harkin created a custom or policy that caused Goyer and/or Stanley to commit the constitutional violations against Plaintiff.

## II.  LEGAL STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1300 (11th Cir. 2001) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999)). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *accord Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992). "In other words, a judgment on the pleadings alone, if sustained, must be based on the undisputed facts appearing in all the pleadings." *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1957).[2]

---

[2] Decisions of the former Fifth Circuit handed down on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Case No. 3:18cv2192-RV-HTC

## III. EXHAUSTION

### A. Legal Standard

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Proper exhaustion is required so that the agency has an opportunity to address the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 93-94, 95 (2006). A court must dismiss an action if satisfied the inmate failed to properly exhaust his available administrative remedies before filing suit. *See Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000).

In *Turner v. Burnside,* 541 F.3d 1077 (11th Cir. 2008), the court set forth a two-step analysis for deciding a motion to dismiss for failure to exhaust. *See id.* at 1082. "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner,* 541 F.3d at 1082.

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make

specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* (citing *Bryant v. Rich*, 530 F.3d 1368, 1373-74, 1376 (11th Cir. 2008)).

"The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id.* (citing *Jones,* 549 U.S. at 216). The *Turner* 2-step analysis also applies to determining a motion for judgment on the pleadings raising failure to exhaust. *See Wheeler v. Davis*, No. 5:14CV271/WS/CJK, 2016 WL 6070086, at *3 (N.D. Fla. Sept. 20, 2016) (applying the *Turner* two-step standard to a motion for judgment on the pleadings), *report and recommendation adopted*, No. 5:14CV271-WS/CJK, 2016 WL 6070072 (N.D. Fla. Oct. 14, 2016).

Additionally, a plaintiff must exhaust his available administrative remedies as to *each claim* and *each party* set forth in his complaint. *See Martinez v. Minnis*, 257 F. App'x 261, 265 n. 5 (11th Cir 2007) (finding prisoner who filed grievance concerning numerous claims failed to exhaust a retaliation claim because grievance "did not mention retaliation or use any words synonymous with or indicating retaliation, nor did it provide the BOP with notice of allegedly retaliatory action or the opportunity to correct it"). "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Turner,* 541 F.3d at 1083.

## B.     Sauder Has Failed To Exhaust His Administrative Remedies

Sauder submitted his grievances to the Court as a notice of "Additional Information" to his initial complaint.³  ECF Doc. 5.  Sauder claims these grievances show he has exhausted his claims.  The parties to do not disagree those are the grievances at issue, what was stated in the grievances, or how the grievances were handled.  Instead, the dispute is over whether the information contained in those grievances was sufficient for Sauder to exhaust his administrative remedies as to the claims he has raised against Harkin.

The undersigned engaged in an extensive review of those grievances when determining the other Defendants' motions to dismiss.  For the same reasons set forth in those Reports and Recommendations, which are incorporated herein, the undersigned finds that Sauder failed to exhaust his remedies as to his claim against Harkin.  As discussed in the prior Reports and Recommendations, the grievances Sauder relies upon dealt with only claims of improper medical treatment.  They did not address or seek remediation for an excessive use of force or for any negligent conduct by Harkin.  Indeed, none of those grievances even reference Harkin by name

---

³ A court may consider documents attached to previous complaints in deciding a motion for judgment on the pleadings. *See Yeager v. Ocwen Loan Servicing, LLC*, 237 F. Supp. 3d 1211, 1215 (M.D. Ala. 2017) ("[o]n a motion for judgment on the pleadings, the court may consider documents attached to the pleadings, such as those documents attached to the complaint") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

or rank. Thus, the undersigned finds that under *Turner,* when looking at the facts raised by Defendant in his motion and Plaintiff's response, the amended complaint should be dismissed.[4]

### C.     The Motion Is Ripe For Consideration

Plaintiff also argues the motion is not ripe because Goyer and Stanley had not filed their answers at the time the motion was filed. *See* Fed. R. Cv. P. 12(c); *Lillian B. ex rel. Brown v. Gwinnett Cty. Sch. Dist.,* 631 F. App'x 851, 853 (11th Cir. 2015) ("[t]he pleadings are closed only when a complaint and answer have been filed"). As an initial matter, the undersigned disagrees and finds that because Harkin had filed an answer by the time he filed the motion for judgment on the pleadings, the pleadings were closed as to him.

While not specifically addressed by the Eleventh Circuit, another district court in this circuit has addressed this issue and held that the pleadings need only be closed

---

[4] There appears to be one grievance that Plaintiff does not rely upon and none of the parties argue about. Attached to Plaintiff's initial complaint (ECF Doc. 1) is a grievance dated June 13, 2008. This grievance is not included by Plaintiff in the notice of "Additional Information," is not attached to Plaintiff's amended complaint, and is not relied upon by Plaintiff (nor any of the parties). As with his other grievances, while Plaintiff mentioned he received injuries from an excessive use of force, Plaintiff complained of, and sought relief for, a denial of "access to medical," for being ignored by the nurses, and "being refused medical attention." ECF Doc. 1 at 9. He did not seek relief for the use of force or an investigation; instead, he told the Warden that he had consulted counsel. Moreover, the grievance was a formal grievance submitted directly to the Warden, which is allowed only for grievances regarding medical treatment. *See* Fla. Admin. Code r. 33-103.005(1). Finally, there is no evidence of how that grievance was handled or that Plaintiff appealed any denial to the Secretary. *See* Fla. Admin. Code § 33-103.005 to 33-103.007;

as between the moving party and the plaintiff. *See S.W. v. Clayton Cty. Pub. Sch.,* 185 F.Supp. 3d 1366, 1373-74 (N.D. Ga. 2016) ("Here, there are competing pleadings for all of the relevant questions that are raised in the CCPS Defendants' motion. Thus, the Court would not be wandering in the dark, guided only by a single pleading. With respect to the CCPS Defendants, all pleadings are closed, and both the letter and spirit of Rule 12(c) have been satisfied").[5] The undersigned agrees with the court's analysis in *Clayton* and finds that this is not a situation where a "single pleading" has been filed, such that a motion for judgment on the pleadings would be inappropriate. *See Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (explaining that Rule 12(c)'s timing mechanism recognizes that "a judgment on the merits can be achieved by focusing on the content of competing pleadings" and is inappropriate where there is only a single pleading).

Moreover, since the time when Harkin filed the instant motion for judgment, Goyer and Stanley have filed their answers (ECF Docs. 78, 79). Therefore, at the time of this ruling, the pleadings as to all defendants have closed, and the motion is ripe.

---

[5] The court recognized there was no binding precedent on this issue and that a case from the Northern District of California reached a contrary result. *See Watson v. Cty. Of Santa Clara,* 2007 WL 2043852, at *1 (N.D. Cal. 2007).

Case No. 3:18cv2192-RV-HTC

## IV.  DISMISSAL OF STATE LAW CLAIMS

In Stanley and Goyer's motion to dismiss, they sought to have the state-law claims (Counts III and IV) against them dismissed based on the dismissal of the federal-law claims against them. The undersigned, however, recommended against dismissal of those claims at that time because Plaintiff's federal claim against Harkin, which arose out of the same use of force incident, was still pending. ECF Doc. 63 at 10.  Because the undersigned is now recommending that a judgment on the pleadings be granted on the sole federal claim against Harkin, the undersigned finds that the factors set forth under 28 U.S.C. § 1367(a) weigh in favor of a dismissal of the entire action and recommends a *sua sponte* dismissal of those claims without prejudice.

### A. The Factors In Favor Of Declining Supplemental Jurisdiction

Under 28 U.S.C. § 1367(a), "[a] federal court may exercise pendent jurisdiction over state law claims . . . provided the federal and state law claims derive from a common nucleus of operative fact and that adjudication of the state claim will not prove inconvenient or unfair to the litigants or unduly burden the proceedings." *Williams v. Bennett*, 689 F.2d 1370, 1379 (11th Cir. 1982). "A court has discretion to exercise its jurisdiction over such [state law] actions even after the federal claims giving rise to original jurisdiction have been dismissed." *Glenn v. Lanier*, No. 309CV1/MCR/MD, 2010 WL 1380164, at *7 (N.D. Fla. Mar. 31, 2010).

The Eleventh Circuit has made clear that once a court finds it has supplemental jurisdiction under § 1367(a), it should exercise it unless the criteria listed in § 1367(c) apply. *See id.* (citing *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997)). Section 1367(c) establishes four (4) factors a court should consider in declining to exercise supplemental jurisdiction: (1) the existence of a novel or complex issue of state law; (2) predominance of state law issues over the claims giving rise to original jurisdiction; (3) the dismissal of all claims over which the court has original jurisdiction; and (4) other compelling reasons for declining jurisdiction. *See id.*

Based on this report and recommendation, factors 2, 3 and 4 weigh in favor of dismissal. Namely, judgment on the pleadings on Plaintiff's federal claim against Harkin leaves only state law claims to be adjudicated. *See e.g., Bruce v. U.S. Bank N.A.*, 770 F. App'x 960, 966 (11th Cir. 2019) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, n. 7 (1988) ("[i]ndeed, the Supreme Court has recognized that, 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors … will point toward declining to exercise jurisdiction over the remaining state-law claim'")). Moreover, since Goyer and Stanley just filed their answers, these claims have not been significantly litigated in this Court, and, thus, there is no prejudice or waste of judicial resources for the parties to litigate the state-law claims in state court.

### B. Notice And An Opportunity To Be Heard

"A district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). Thus, before the Court dismisses this action, the undersigned recognizes that the parties must be given notice and an opportunity to be heard. *See Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018) (holding that district court should have given parties notice and opportunity to be heard prior to *sua sponte* dismissal of state law claims, after determination of lack of jurisdiction over federal claims).

That notice and opportunity to be heard will be provided through the procedures for filing objections to this Report and Recommendation. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). As indicated below, the parties will have an opportunity to present their objections to the undersigned's findings and

determinations to the District Judge for a *de novo* review prior to the entry of any dismissal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also Glover v. Williams*, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**V.    CONCLUSION**

Accordingly, it is respectfully RECOMMENDED that:

1.    Harkin's Motion for Judgment on the Pleadings (ECF Doc. 70) be GRANTED, and judgment entered in favor of Harkin.

2.    The remaining state-law claims against Goyer and Stanley be DISMISSED without prejudice.

3.    The clerk be directed to close this file.

At Pensacola, Florida, this 7th day of April, 2020.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.