UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRIAN SHAWN SAUDER,

    Plaintiff,

v.                                            Case No. 3:18cv2192-RV-HTC

CAPTAIN HARKIN,
SERGEANT GOYER,
OFFICER STANLEY,

    Defendants.
_____/

## ORDER

This prisoner civil rights action is before the court on the Magistrate Judge's Report and Recommendation (doc. 80) (Report). The plaintiff has filed an objection thereto (doc. 81). After conducting a *de novo* review of the Report and the plaintiff's objection, I have determined the Report should be adopted.

The Report recommends that defendant Harkin's motion for judgment on the pleadings be granted. If the motion is granted, it would dispose of all pending federal claims and leave only the state law battery claims against the two other defendants, Goyer and Stanley. As to those state law claims, the Report further recommends that I decline to exercise supplemental jurisdiction over them.

In his objection to the Report, the plaintiff does not disagree that Harkin's motion for judgment on the pleadings should be granted. Instead, he focuses on the second part of the Report and argues that I should exercise supplemental jurisdiction over the state law claims because:

> This Court has already devoted time and resources to the instant proceeding. Plaintiff expected that all of his claims would be tried together in this Court, and it would be in the interests of judicial economy to allow Plaintiff's state law claims to reach their final resolution in this Court. Plaintiff filed his complaint on October 29, 2018. (ECF Doc. 1). As such, Plaintiff's state law claims have been in litigation for nearly 18 months. Dismissing Plaintiff's state law claims will require him to seek redress in state court, beginning from square one. The said result would be both inconvenient and unfair to Plaintiff, who has already waited nearly a year and a half for his claims to be heard.

I confronted this same issue in *Estate of Owens v. GEO Group Inc.*, 3:12cv107 (N.D. Fla. 2012). In that case (also a prisoner civil rights action), I granted summary judgment for the defendants on the federal claims and then had to decide whether to exercise supplemental jurisdiction over the remaining state law claim. In declining to exercise supplemental jurisdiction over the state law claim even though the case had been pending in federal court for almost three years, I reviewed the case law and summarized it as follows:

> In considering whether to exercise supplemental jurisdiction over a state law claim after the federal claims have been dismissed, courts should keep in mind the four factors set out in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130 (1966), *i.e.*, convenience, fairness, judicial economy, and comity. The Supreme Court has explained that these four factors "usually will favor a decision to relinquish jurisdiction when 'state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614 (1988). Thus, the Eleventh Circuit has repeatedly stated that if the federal claims are dismissed pretrial, Supreme Court case law "strongly encourages or even requires dismissal of the state claims." *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir.

1984) (emphasis supplied); *see also Kamel v. Kenco/Oaks at Boca Raton, LP*, 321 Fed. Appx. 807, 810 (11th Cir. 2008) (referring to as "well settled in our circuit" that district courts should dismiss state law claims when the federal claims are dismissed); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (noting that "we have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial"); *Faucher v. Rodziewicz*, 891 F.2d 864, 871-72 (11th Cir. 1990) (since *Gibbs* "strongly encourages or even requires dismissal of the state claims …the district court properly dismissed [the plaintiff's] pendent claims as a result of its dismissal of all of her federal claims"); *Shahawy v. Harrison*, 778 F.2d 636, 644 (11th Cir. 1985) (observing that district courts are "strongly encouraged" if not "required" to dismiss the state law claims after the federal claims have been dismissed where, as is now clear in this case, a "state forum exists at the time of dismissal"); *accord Andrews v. Crews*, 2014 WL 1847907, at *5 (N.D. Fla. 2014) (stating after dismissing plaintiff's Eighth Amendment claim: "as there has been no violation of federal constitutional rights, the only jurisdictional basis for this case proceeding in federal court, the Court should decline to exercise its supplemental jurisdiction over the remaining state law claim") (citing additional circuit case law).

In light of the foregoing, I decline to exercise supplemental jurisdiction over the state claim. Although it might be more convenient for the parties to keep this case in federal court, on the facts presented here, I do not believe that it would be "unfair" to require them to proceed in state court on the wrongful death claim. At this point in the case, state issues substantially predominate . . . and it would be better and more judicially economical to have such issues resolved in the state court. *See, e.g., Gibbs, supra*, 383 U.S. at 726 & n.15 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law"; observing

Case 3:18-cv-02192-RV-HTC   Document 82   Filed 04/22/20   Page 4 of 5

Page 4 of 5

> that this has been called "the principal argument against exercise of pendent jurisdiction"); *Ingram v. School Bd. of Miami-Dade Cty.*, 167 Fed. Appx. 107 (11th Cir. 2006) ("State courts, not federal courts, should be the final arbiters of state law. Where, as here, a court has dismissed all federal claims from a case, there is a very strong argument for dismissal, especially where the federal claims are dismissed prior to trial."); *Enerson v. Pergonas*, 2013 WL 6001071, at *7 (M.D. Fla. 2013) ("Plaintiff's negligence claim . . . is related to his Eighth Amendment deliberate indifference claims. However, because the Court dismisses the Plaintiff's Eighth Amendment claim, it will not exercise supplemental jurisdiction over the negligence claim.").

(doc. 257 at 3-5). I noted (and was not unsympathetic to) the defendants' argument that the parties had expended resources while the case had been pending in federal court for almost three years. *Id.* at 4 n.1 However, that was not a dispositive factor. *Id.* (citing *Kleiner v. First Nat. Bank of Atlanta*, 97 F.R.D. 683, 689 & n.7 (N.D. Ga. 1983) (stating "the mere length of time that a case has been pending in federal court is not necessarily determinative" because "any discovery already accomplished [in the federal proceeding] could be used in a state court proceeding")).

Citing much of the same case law that I did, the Eleventh Circuit later affirmed my decision. *Estate of Owens v. GEO Group Inc.*, 660 Fed. Appx. 763, 775-77 (11th Cir. 2016). As to the argument that the resources expended in federal court counseled against declining jurisdiction, the Eleventh Circuit relied on its decision in *Ameritox Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518 (11th Cir. 2015), and said:

> [T]he Defendants [have not] explained why they will need to expend substantial additional resources to reproduce their arguments in state court. *See Ameritox*, 803 F.3d at 539 ("Both parties are free to use evidence obtained during discovery to pursue their state-law claims in a proper forum."). In fact, we have squarely rejected the argument that "once a court has poured sufficient resources into a

case, we should hesitate before writing off that investment." *Id.* at 538-39. As we explained, "[i]f we hold that considerations of judicial economy favor retaining jurisdiction, we would provide litigants with perverse incentives to sandbag their own cases in the hope that courts spend enough resources to make decisions to exercise supplemental jurisdiction effectively unreviewable." *Id.*

In light of the above case law, I find that it is appropriate---if not required---for me to decline to exercise supplemental jurisdiction over the plaintiff's state law claims. Accordingly, the plaintiff's objection to the Report is rejected, and it is

**ORDERED** that:

1. The Magistrate Judge's Report (doc. 80) is adopted and incorporated by reference in this Order.

2. Harkin's Motion for Judgment on the Pleadings (doc. 70) is **GRANTED**. The clerk is directed to enter judgment in favor of Harkin in this action, without taxation of costs.

3. The state-law claims against Goyer and Stanley are DISMISSED WITHOUT PREJUDICE.

4. The clerk is directed to close this case.

**DONE AND ORDERED** this 21st day of April, 2020.

           s/ Roger Vinson                              /
**ROGER VINSON
SENIOR UNITED STATES DISTRICT JUDGE**